**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| | § | |
| TQP DEVELOPMENT, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 2:09-CV-088-TJW |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| BARCLAYS, PLC, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all Parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order.

Information subject to this Protective Order may be used only for the purposes of this litigation ("the Litigation") or any Civil Action currently or hereinafter pending in the United States District Court for the Eastern District of Texas involving United States Patents No. 5,412,730 (the "'730 patent") in which a protective order governing the confidentiality of designated documents and testimony and an order providing for the beginning of discovery has been entered (the "Related Litigation").

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to a written agreement between the parties or a contrary determination by the court as outlined in

provision 7 below in this Order, this Order shall remain in effect through the conclusion of the Litigation.

In support of this order, the Court finds that:

1.      Documents and information containing confidential, proprietary business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in the Litigation;

2.      The parties to the Litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3.      Counsel for the party or parties receiving Confidential Information may presently be without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in the Litigation, the following Order should issue.

IT IS, THEREFORE, ORDERED THAT:

1.      Confidential Information, including documents, deposition testimony or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in the Litigation (or by any third party or non-party) are referred to as "Protected Matters."   All Protected Matters designated by a producing party as "Confidential," or "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE", and which are disclosed or produced to the

attorneys for a party to the Litigation or to a party in a Related Litigation, are governed by this Protective Order, are entitled to confidential treatment as described below and may be used only for the purposes of the Litigation or Related Litigation.

2.      Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith must be held confidential to protect business or commercial interests.   Protected Matters designated as "For Counsel Only" (or "Attorney's Eyes Only") shall be limited to material that the designating party believes in good faith is so commercially sensitive or confidential that the disclosure to employees of another party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interests of the designating party.

3.      Protected Matters shall not include (a) advertising materials that have been actually published or publicly disseminated, (b) materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity that are publicly available.

4.      Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" that disclose computer source code (hereinafter referred to as "Source Code") shall be subject to additional protections given Defendants' assertion of the particularly sensitive nature of the information. Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and similarly sensitive implementation details.   Nothing in this

protective order shall obligate the parties to produce any Source Code nor constitute an admission that any particular Source Code is discoverable or admissible. To the extent that either party wishes to obtain access to Source Code, the following procedures shall apply:

A.    The producing party shall, at its option, make the Source Code available in Dallas, Texas. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. Access will also be provided on Saturdays and Sundays, so long as actual notice is provided to the producing party by not later than 9:00 a.m. local time on the Friday before the weekend for which access is requested. Access from 6:00 p.m. through 10:00 p.m. local time on weekdays shall be provided so long as actual notice of such need is provided to the producing party by not later than 4:00 p.m. local time on the preceding day. The requesting party shall make its best efforts to restrict its access to normal business hours, and the producing party may seek court relief if the requesting party is unreasonably utilizing after-hours and weekend access. Two computers shall be provided at each of the offices containing the source code. Subject to the other provisions of this Protective Order, the requesting party may bring with it to the secure offices a cell phone and a notetaking computer. While in the source code review room, the Requesting Party shall not utilize Internet access on the cell phone or notetaking computer. Additionally, the Requesting Party shall not use any non-voice capabilities for any cell phones. Beginning one week prior to the beginning of trial and continuing through the end of trial, access to said source code shall be provided under the same conditions and with the same limitations and restrictions as provided in this Paragraph at counsel for the producing party in Marshall, Texas.

B.    Prior to the inspection of Source Code, the requesting party shall provide the Producing Party with three (3) business days notice that it wishes to inspect the Source Code, with the exception of the initial inspection for the Producing Party, whereby the Requesting Party shall provide the Producing Party with five (5) business days notice. Unless mutually agreed to in writing, the initial inspection shall not occur prior to July 15, 2010.

C.    Source Code that is designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

    i.    All Source Code shall be made available by the Producing Party to the Receiving Party's Counsel of record and/or experts in a secure room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any

Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer"). The Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s), or a download link and associated licensing information (if necessary), at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer;

ii.     No recording devices or recordable media, except for the Source Code Computer and one Notetaking Computer provided, will be permitted inside the Source Code review room.

iii.    The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code. The reviewers may copy small excerpts of Source Code into their notes to the extent such excerpts are necessary;

iv.     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds and paper having Bates numbers previously printed thereon for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code that are reasonably necessary for the preparation of their case. The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when absolutely and directly necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the Receiving Party. Within three (3) business days, the Producing Party shall

either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If Producing Party objects, the Producing and Receiving Party shall meet and confer immediately and the Producing Party must bring its Motion for Protective Order within 3 business days of the completion of the meet and confer. The Producing Party shall use its ability to object in good faith and not to delay the production of source code printouts to Receiving Party. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action;

v.    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least seven (7) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under Paragraph 13 of this order. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall maintain the log.

vi.   Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session;

vii.  The Receiving Party's Outside Counsel of record may make no more than five (5) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 4(C)(iv), not including copies attached to Court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the recipients of paper copies and locations where the paper copies are stored. If the Producing Party can make a good faith showing for the necessity of such information (including, for example, to ensure a log is being maintained, or to ensure that only authorized people are accessing the Source Code), the Producing Party may request the production of this log upon three (3) business day's advance notice to the Receiving Party. The Producing Party will not use this provision for harassment purposes and use reasonable efforts to limit the number of requests to the Receiving Party for production of this log;

viii. The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation,

storing the Source Code in a locked room or cabinet at all times when it is not in use;

ix. The Receiving Party may bring copies of printed Source Code to be used at a deposition, if necessary. Should paper copies of Source Code be marked as deposition exhibits during a deposition, these exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. At the conclusion of the deposition, the papers copies shall be given to counsel for Producing Party to be securely destroyed, unless otherwise agreed. These papers of Source Code shall not count against the paper copies allowed pursuant to paragraph 4(c)(vii) above;

x. Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. In the event portions of Source Code are necessary for pleadings and other papers, the documents will be designed as "HIGHLY CONFIDENTIAL – SOURCE CODE" and filings will be filed under seal. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited to solely individuals who are expressly authorized to view Source Code under the provisions of this Order. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

5. Confidential Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of the Litigation, or (b) the deposition of a third party, may be designated by any party (or by the third party disclosing any such Confidential information) as "Confidential," "For Counsel Only" ("or Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE" information by indicating on the

record at the deposition that the testimony is "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE" and is subject to the provisions of this Order.  Any party (or third party having disclosed such Confidential Information) also may designate information disclosed at such deposition as "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE" thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.  All deposition transcripts shall be treated as "For Counsel Only" (or "Attorney's Eyes Only") for a period of thirty (30) days after the receipt of the transcript.  To the extent possible, the court reporter shall segregate into separate transcripts information designated as  "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE", with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorney's Eyes Only") and/or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall have page numbers that correspond to the blank pages in the main transcript.

6.      At any time after the delivery of Protected Matters, counsel for the party or parties receiving the Protected Matters may challenge the designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or

producing the Protected Matters.  If the parties are unable to agree as to whether the designation of discovery material is appropriate, the party or parties receiving the Protected Matters wishing to contest the designation may file a motion with the Court with regard to any Protected Matters in dispute.  Upon the filing of such a motion by the receiving party or parties, the party or parties producing the Protected Matters shall have the burden of establishing that the disputed Protected Matters are entitled to confidential treatment.  All Protected Matters are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a Protected Document is entitled to confidential treatment.

7.    Protected Matters and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

8.    Protected Matters designated as "Confidential" and any information contained therein shall be disclosed (and copies may be made to facilitate this disclosure) only to the following persons ("Qualified Persons"):

A.    Counsel of record in the Litigation or a Related Litigation for the party or parties receiving Protected Matters;

B.    Employees of such counsel (excluding experts and investigators) and outside vendors used to process documents assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to be bound by the terms of this protective order (at Exhibit A hereto);

C.    In-house counsel for the parties, or in-house counsel for the affiliates, including parent corporations and subsidiaries, of the parties, following the disclosure and objection period described in Paragraph 13;

D.    Employees of 8(C) (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of the Litigation, following the disclosure and objection period described in Paragraph 13;

E.  The Court, jury, and court personnel, and court reporters, stenographers, and videographers recording testimony in this action;

F.  Actual or potential independent experts or consultants (including translators) who have signed a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) and following the disclosure and objection period described in Paragraph 13.  Without the express prior written consent of the Defendant that produced the Protected Matter, no expert or consultant retained by a Defendant in this matter shall have access to "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Matters produced by another Defendant in this Litigation or a Related Litigation;

G.  Not more than one (1) party representative who shall sign a document agreeing to be bound by the terms of this protective order (at Exhibit A hereto) and following the disclosure and objection period described in Paragraph 13; and,

H.  Personnel of graphics, litigation support, and trial/jury consulting firms engaged by a party or its attorneys in connection with the Litigation (including any appeal relating to this Litigation/Action) who have signed Exhibit A hereto prior to any disclosure of Protected Matters, as well as participants in focus groups and mock juries relating to this case, provided that they and their immediate family members are not employed by any of the Parties and that they have signed a confidentiality agreement prior to any disclosure of Protected Matters.

9.  Protected Matters designated as "For Counsel Only" (or "Attorney's Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 8(A), 8(B), 8(E), 8(F), and 8(H) above.

10.  Protected Matters designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be restricted in circulation to Qualified Persons described in Paragraphs 8(A) (excluding outside counsel for all non-producing co-defendants in the Litigation if the source code is produced by a defendant), 8(B) (excluding employees of outside counsel for all non-producing co-defendants in the Litigation if the source code is produced by a defendant), 8(E), 8(F), and 8(H) (excluding focus groups and mock jurors) above.

11.  Protected Matters and any information contained therein shall be used solely for the prosecution or defense of the Litigation or a Related Litigation.   Confidential

Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  Where a third party has indicated that its documents contain Confidential Information or Attorney's Eyes Only information, such third party documents can be disclosed, made available to and discussed with Qualified Persons in a Related Litigation only if (a) the third party has given consent in writing or by e-mail to such disclosure and a copy of the consent is supplied to counsel for the parties or (b) the documents are obtained pursuant to a subpoena.

12.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, of any verbatim transcript, in whole or in part, of such document or thing.

13.     Disclosure of Protected Matters and Objections Thereto.  Prior to disclosing any Protected Matters to any person described in Paragraphs 8(C), 8(D), 8(F), or 8(G) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an up-to-date curriculum vitae of the Person that includes an identification of all of the Person's past or current employment or consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person; and (v) a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.  Said written notice shall include an identification of any employment or consulting activities relating to the design, development, operation, or patenting of encryption of communications, or relating to the acquisition of intellectual property assets relating to encryption of communications.  The Party seeking to disclose Protected Material shall provide such

other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.   During the pendency of this action, including all appeals, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of encryption of communications, or the acquisition of intellectual property assets relating to encryption of communications.  If a party objects to the disclosure of Protected Matters to such Person, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection.   Such objections shall not be unreasonably made.   Service of the objections shall be made by email, personal delivery, facsimile, or by overnight delivery, within five (5) business days after the date of receipt of the identification of the Person.   The parties shall meet and confer in good faith to resolve the disagreement. If the parties cannot agree on disclosure of Protected Matters to the proposed Person, the objecting party shall have an additional three (3) business days after the meet and confer in which to file a motion for an Order forbidding disclosure to the proposed Person.   On any such motion, the objecting party shall have the burden of proof.   No disclosure of Protected Matters may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

14.      To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein.

15.     Any court reporter or transcriber who reports or transcribes testimony in the Litigation shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by that court reporter or transcriber, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

16.     Inadvertent or unintentional production of documents or information containing Confidential Information that are not designated "confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

17.     The party or parties receiving Protected Matters shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matters or any information contained therein.

18.     After termination of the Litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Matters for enforcement of the provisions of this Order following termination of the Litigation.

19.     Upon final termination of the Litigation, such as by dismissal, a final non-appealable judgment, or settlement, counsel for the party or parties receiving Protected Matters shall within 120 days return the Protected Matters and all copies thereof to the counsel for the party or parties disclosing or producing the Protected Matters.

20.     This Order shall be binding upon the parties and their attorneys, successors; executors, personal representatives, administrators, heirs, legal representatives, assigns,

subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

21.      Notwithstanding any other provisions of this Protective Order, under no circumstances shall any Protected Matters, or any information contained therein be disclosed to any person who is involved in the preparation or prosecution of any patent applications disclosing or claiming systems or methods relating to the encryption of communications, including, but not limited to, patent applications which claim priority, in whole or part, from U.S. Patents 5,412,730 including any continuations, continuations in part, reissues or divisional patents that derive therefrom.  Any person that reviews or in any way gains knowledge of the contents of any items designated "For Counsel Only" ("or Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL– SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the disclosure in patent applications or specifications or the scope of claims in patents or patent applications relating to the encryption of communications, before any foreign or domestic agency, including the United States Patent and Trademark Office. This prohibition shall end eighteen (18) months  after the final resolution of this action, including all appeals. This prosecution bar is personal to the person receiving such Protected Matters and shall not be imputed to any other person or entity.  The prosecution bar is not intended to prohibit the ability to provide prior art or other litigation materials to patent prosecution counsel, provided such materials do not include Protected Matters.

22.     This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Order.

23.     In the event a party wishes to use any "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL– SOURCE CODE" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in the Litigation, such "Confidential," "For Counsel Only" (or "Attorney's Eyes Only") or "HIGHLY CONFIDENTIAL– SOURCE CODE" information used therein shall be filed under seal with the Court.

24.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in the Litigation which have been designated, in whole or in part as "Confidential," "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL– SOURCE CODE" information by a party to the Litigation.

25.     Nothing in this Order shall preclude any party to the Litigation or a Related Litigation or their attorneys from (1) showing a document prepared prior to the filing of the Litigation and designated as "Confidential," "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL– SOURCE CODE" to an individual who appears as an author, addressee or recipient of a copy of the document on the document's face or (2) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as

"Confidential," "For Counsel Only" (or "Attorney's Eyes Only"), or "HIGHLY CONFIDENTIAL– SOURCE CODE".

26.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to the Litigation and, in the course thereof, referring to or relying upon his examination of Confidential Information produced by another party or a third-party; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the Confidential Information.

27.     Any discovery documents produced in the Litigation may be later designated as "Attorney Client Privilege" or "Attorney Work Product" promptly upon written notice by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving party promptly shall collect all copies of the documents and return them to the producing party.  This provision, however, does not waive the receiving party's right to later contest the assertion of such privilege pursuant to the Federal Rules of Civil Procedure and other applicable law.

28.     Drafts of expert reports and declarations, and notes created by or for an expert in connection with the preparation of his/her expert report or declaration shall not be discoverable and need not be preserved unless the expert relies upon such drafts and/or notes and such reliance is made explicit in the expert's report, declaration, or testimony. Written communications between a party's attorney and such party's testifying expert will not be discoverable and need not be preserved unless the expert relies upon such

communications and such reliance is made explicit in the expert's report, declaration or testimony. The parties may not inquire at deposition or trial into communications between a party's attorney and the party's testifying expert, and such party's testifying expert work product materials, including communications generated in connection with non-testifying experts and consultants need not be logged on a privilege log and shall not be discoverable absent an order from the Court.

29.     Privilege logs need not include communications with or between counsel and counsel work product subsequent to the filing of the lawsuit.

30.     To the extent that any one of Defendants in this Litigation or a Related Litigation provides Protected Matters under the terms of this Protective Order to Plaintiff, Plaintiff shall not share or disclose that material with the other Defendants, absent express written permission from the producing Defendant.  This Order does not confer any right to any one Defendant to access the Protected Matters of any other Defendant.

SIGNED this 27th day of August, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP DEVELOPMENT, LLC, | |
| Plaintiff, | Case No. 2:09-CV-088-TJW |
| v. | JURY TRIAL DEMANDED |
| BARCLAYS, PLC, et al., | |
| Defendants. | |

## AGREEMENT OF CONFIDENTIALITY

I certify that I have read the Stipulated Protective Order for the above-styled case.  I fully understand the terms of the Order.  I acknowledge that I am bound by the terms of the Order.  I agree to comply with those terms.  I consent to the personal jurisdiction of the United States District Court, Eastern District of Texas, for any proceeding involving the enforcement of that Order.  I agree that any Protected Matters that I receive will be used by me only for the purposes of the Litigation or Related Litigation and all copies of same will be returned by me within 120 days of the termination of the Litigation or Related Litigation.

_____
Signature

_____
Name

_____
Affiliation

_____
Date